## ROCHE v. COMMISSIONER OF INTERNAL REVENUE.

No. 6587.

Circuit Court of Appeals, Fifth Circuit.

Feb. 22, 1933.

Geo. E. H. Goodner, of Washington, D. C., for petitioner.

G. A. Youngquist, Asst. Atty. Gen., Sewall Key, F. Edward Mitchell, and Norman D. Keller, Sp. Assts. to Atty. Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and H. D. Thomas, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for appellee.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

SIBLEY, Circuit Judge.

The Board of Tax Appeals redetermined tax deficiencies against Roche & Burke Undertaking Company for the years 1920 and 1921 which were asserted under Revenue Act 1926, § 280 (26 USCA § 1069 and note),

against Frank L. Roche as transferee of corporate assets, and Roche petitions for review. He first questions the jurisdiction of the Board to proceed after the Commissioner abandoned the contention for penalties, and the Board found the deficiencies for 1918 and 1919 to be barred, on the ground that thereby the claim asserted against him became too indefinite to make an issue, for perhaps the defeated amounts were the $26,-772.85 claimed against him. The deficiency letter of the Commissioner from which appeal for redetermination was made states:

"As provided in section 280 of the Revenue Act of 1926 there is proposed as an assessment against you the sum of $26,772.85, constituting your liability as a transferee of the property of Roche & Burke Undertaking Company (dissolved), Mobile, Ala., for. unpaid income and profits taxes in the total amount of $41,450.59 for the taxable years 1918, 1919, 1920, and the period Jan. 1st to Sept. 30, 1921, as per the attached statement plus any accrued penalty and interest due for the years and period above referred to. Another transferee against whom an assessment has been proposed is Mrs. Lillian Burke, 950 Government St., Mobile, Ala."

▌ The statement showed additional tax for 1918, $15,753.51; for 1919, $11,903.63; for 1920, $7,826.75; and for 1921, $8,193.42 —which with a credit off totaled $41,450.59. The plain meaning of this is that the corporation owed taxes as stated, with interest and penalty, and that Roche was asserted to be the transferee of assets worth $26,772.85, and that the taxes due within that limit were proposed to be assessed against him. The reference to Mrs. Burke as possibly liable also on account of assets which she got has nothing to do with Roche's liability. The government is not concerned with equitable adjustments between them. Phillips v. Commissioner, 283 U. S. 589, 51 S. Ct. 608, 75 L. Ed. 1289. The abandonment of the claim for penalties took that unascertained item out of the account against the corporation, and the decision of the Board at Roche's insistence that the items of tax for 1918 and 1919 were barred took them out also, and thus reduced the amount for which Roche might be held liable, for he could be held for no more than the corporation owed and for no more than the value of the assets he received. His partly winning the case and restricting his liability to the taxes for 1920 and 1921 did not deprive the Board of power to finish it and decide what, if anything, less

than the whole claim asserted, he was liable for.

▌ The burden under Revenue Act 1928, § 602 (26 USCA § 1229), was on the Commissioner to show Roche's liability as transferee, but the unbarred assessment of tax for 1920 and 1921 was presumptively correct. Roche conceded that the corporation was dissolved September 30, 1921, and that he got as stockholder one-half of its net assets. The Commissioner had only to prove their value. He introduced the corporation's tax return, signed and sworn to by Roche, which carried an itemized statement of the corporation's assets and liabilities as of September 30, 1921, and showed a surplus of $82,296.22. Roche in reply testified that it was prepared by an auditor, and he swore to it not really knowing whether it was correct or not. He refused to make any estimate of the true values, but did not say any were wrong except that the real estate put undepreciated at $30,000 was not worth over $12,-000. The corporation's books directly kept by Burke as secretary, but accessible to Roche as president, were also introduced, showing as of September 30, 1921, the real estate put at $20,000; cash on hand, $8,613.53; merchandise, furniture, and vehicles $14,700; and accounts receivable, $26,287.75; with accounts payable, $4,737.72. These books were continued without change by Roche & Burke as partners. The tax return, signed by Roche as president, is evidence against him personally as an admission (Waterman v. Moody, 92 Vt. 218, 103 A. 325, Dowling v. Feeley, 72 Ga. 559); certainly so when sworn to by him, for an oath is always a personal act. It is subject to explanation and contradiction, but its force was not rebutted by Roche's testimony except as to the real estate. The books also, because of their adoption by him as a partner, were admissions of what the partnership got and of its value. The Board revised the values, reducing the real estate to $15,000 and the accounts receivable to $10,-514.11, which was shown by the books to have been actually collected on them. By these and other corrections they arrived at a value of $15,817 for the half of the assets received by Roche. Their finding is supported by evidence.

▌ Roche had the burden of showing that the tax assessed against the corporation for 1920 and 1921 was incorrect. He claims that the books which the Commissioner introduced showed the net profits for these years to be less than those assessed, and that the tax

returns do too, and that the Commissioner having introduced them is bound by them. The showing on the books in the record is the profit and loss account, made up of lump entries without the items producing them. We cannot tell that the Board's action is not supported by the books. At best the account is a mixed conclusion of law and fact made by the bookkeeper, and may not at all represent net income under the Revenue Acts. Without explanatory evidence there is no such presentation of the facts as to overcome the assessment. It would be strange if the very tax returns which were corrected in their fact statements by the Commissioner's assessment could by themselves avail to overturn the assessment. While it does not appear that the Commissioner's offer of them in evidence was restricted to the admissions discussed above, the Board properly thus limited their effect. An assessment can be changed only where it is shown to be mistaken and incorrect. The question was one of fact. No independent evidence at all was offered to show that the assessment was wrong.

The petition for review is refused, and the judgment of the Board affirmed.