**ROSENBERG et al. v. McLAUGHLIN, Collector of Internal Revenue.**

No. 6872.

Circuit Court of Appeals, Ninth Circuit.

June 19, 1933.

As Modified on Denial of Rehearing Sept. 6, 1933.

Adolphus E. Graupner, of San Francisco, Cal., for appellants.

I. M. Peckham, U. S. Atty., and Esther B. Phillips, Asst. U. S. Atty., both of San Francisco, Cal. (C. M. Charest, Gen. Counsel, and J. C. Swayze and Charles K. Hoover, Attys., Bureau of Internal Revenue, all of Washington, D. C., of counsel), for appellee.

Before WILBUR and SAWTELLE, Circuit Judges, and KERRIGAN, District Judge.

KERRIGAN, District Judge.

Appellants have sought by a bill in equity to enjoin the sale of an undivided interest in certain real property under distraint proceedings to collect a deficiency in federal estate tax. This interest was part of the estate of Isidore Rosenberg, deceased, the father of appellants, who will be hereafter referred to as the testator. The appeal is from the order granting the collector's motion to dismiss the bill of complaint. If the collector has no right to proceed by distraint to collect the deficiency in question, appellants are entitled to injunctive relief. The issues are narrowed, and the only questions involved relate to the right of the Bureau of Internal Revenue to proceed by way of distraint under the state of facts alleged in the bill of complaint.

The testator died May 23, 1923, while the Revenue Act of 1921 (42 Stat. 227) was in force. Less than a year after his death his widow, who was the executrix of his estate, filed an estate tax return showing a tax due of $7,791.04 and paid the tax on the same day. Afterwards, and prior to the distribution of the estate, the executrix filed a claim for refund. While the claim for refund was pending, the estate was distributed. Shortly thereafter the executrix died. When it became apparent that a refund would be allowed, one of the appellants was appointed administrator with the will annexed of the testator's estate. A refund in the sum of $4,787.60 was paid to the administrator June 5, 1925, and distributed to the heirs. Subsequent to the effective date of the Revenue Act of 1926, the commissioner determined a deficiency in tax against the estate in the sum of $7,839.07, being $3,501.47 more than the refund and mailed to the administrator the notice required by section 308 (a) of the Revenue Act of 1926. (26 USCA § 1101.) The administrator appealed to the Board of Tax Appeals and the commissioner's determination of the deficiency was upheld on February 27, 1929. Appeal of Rosenberg, 14 B. T.

A. 1340. The commissioner on July 27, 1929, assessed the additional estate tax in the full amount of the deficiency, notwithstanding the payment of the $3,501.47 by the administrator previous to the assessment. Thereafter the appellee mailed notice of distraint to the administrator for the unpaid balance of the deficiency.

Appellants are the children of the testator and his widow and are the sole heirs and distributees of the testator's estate either in their own right or as distributees of their mother's estate.

Appellants contend: First, that the only method by which the deficiency may be collected is by transferee proceedings under section 316 (a) of the Revenue Act of 1926 (26 USCA § 1119 (a), and, second, if the government is not restricted to that remedy, that there is no existing lien upon the property for the deficiency. The appellee contends that the transferee proceedings are an additional and alternative remedy for the collection of the tax and that there is a valid and subsisting lien on the property enforceable by distraint.

The collector was not restricted to the transferee proceedings provided by section 316 (a) of the Revenue Act of 1926 to collect a deficiency in tax against an estate which had been distributed before the determination of the deficiency, and might follow any other valid procedure for collection. The use of the word "shall," upon which great stress is laid by appellants, is not mandatory and does not confine the collector to a single method of procedure. A similar question of statutory interpretation was before this court in regard to section 280 (a) of the same act (26 USCA § 1069 (a), which provides for transferee proceedings to collect income taxes. In the case of Leighton v. U. S. (C. C. A.) 61 F.(2d) 530, affirmed by the Supreme Court on May 29, 1933, 53 S. Ct. 719, 77 L. Ed. ——, it was contended that the collector was precluded from proceeding to collect the tax by suit in equity to impress the property in the hands of transferees with a trust by the new section, and could only enforce collection by means of transferee proceedings. In that case there was a deficiency in income tax determined against a corporation after its property had been distributed to its stockholders. Section 280 (a) is word for word the same as section 316 (a) except in so far as one deals with income tax and the other deals with estate tax. The word "shall" is used in exactly the same context in both statutes. It was held in that case that the use of

"shall" did not make the procedure mandatory, and that the remedy was not exclusive but cumulative on the authority of Phillips v. Commissioner, 283 U. S. 589, 51 S. Ct. 608, 610, 75 L. Ed. 1289, and U. S. v. Updike, 281 U. S. 489, 50 S. Ct. 367, 74 L. Ed. 984. Two quotations from the case of Phillips v. Commissioner, supra, may well be repeated here. "This remedy is in addition to proceedings to enforce the tax lien or actions at law and in equity." Further in the opinion it is said, "The power of Congress to provide an additional remedy for the enforcement of existing liabilities is clear." There is no valid reason for distinguishing between the two statutes and the decision in the Leighton Case is conclusive upon this point.

The only remaining question is: Is there a valid and subsisting lien upon the property enforceable by distraint? If such a lien attached to the property it arose under section 409 of the Revenue Act of 1921 (42 Stat. 283) which provided: "That unless the tax is sooner paid in full, it shall be a lien for ten years upon the gross estate of the decedent, except that such part of the gross estate as is used for the payment of charges against the estate and expenses of its administration, allowed by any court having jurisdiction thereof, shall be divested of such lien. * * * *"

It is argued by the appellants that the clause "unless the tax is sooner paid in full" refers to the due date of the tax as provided in section 407 of the same act, which is one year from the date of the decedent's death; and that no lien arises until such due date. Appellants further argue that the tax in the instant case having been returned, and the amount returned having been paid in full prior to such due date, no tax lien ever attached to the property. These contentions are not in accord with the law.

The language used in Page v. Skinner (C. C. A. 8) 298 F. 731, 732, though assailed as merely dicta, correctly states the law as to when the property is impressed with the tax lien.

"The imposition took effect at the time of death and the tax became at once a lien on the property of the estate, enforceable by sale, if not paid, on proceedings in court. N. Y. Trust Co. v. Eisner, 256 U. S. 345, 41 S. Ct. 506, 65 L. Ed. 963, 16 A. L. R. 660."

One test of the *accrual* of a tax so that the tax is saved from the effect of repealing statutes has been whether or not a lien for the tax attached to the property before the repeal and it has been held in a line of in-

heritance tax cases commencing with Hertz v. Woodman, 218 U. S. 205, 30 S. Ct. 621, 54 L. Ed. 1001, that the tax accrued or was imposed at the decedent's death and the estate of the decedent was impressed with a lien at the same time. U. S. v. Ayer (C. C. A. 1) 12 F.(2d) 194; Crooks v. Loose (C. C. A. 8) 36 F.(2d) 571; O'Brien v. Sturgess (D. C.) 39 F.(2d) 950, affirmed (C. C. A. 3) 45 F.(2d) 1017; Ewbank v. U. S. (D. C.) 37 F.(2d) 383, affirmed (C. C. A. 7) 50 F.(2d) 409; U. S. v. Cruikshank et al. (D. C.) 48 F.(2d) 352. The thing that is taxed is the transfer of the decedent's estate upon his death. The full amount of the tax is fixed as a liability at that time as provided by the statutes then in force and the gross estate of the decedent is impressed with a lien for the full amount of the tax. In the light of these principles, it is clear that the clause of said section 409, "unless the tax is sooner paid in full," refers to the termination of the lien by payment in full during the ten-year period—not to the imposition of the lien on the due date of the tax.

Reliance is placed upon the language used in U. S. v. Woodward, 256 U. S. 632, 41 S. Ct. 615, 65 L. Ed. 1131, to the effect that an estate tax accrues one year after death if so provided by statute, and appellants argue therefrom that there is neither liability nor lien for the tax prior to accrual. This case was not one concerned with the incidence of the tax. It considered the term *accrual* from the standpoint of permissible deduction under an income tax provision. The effect of the decision in the Woodward Case was limited to a narrow and different proposition in the case of U. S. v. Mitchell, 271 U. S. 9, 46 S. Ct. 418, 70 L. Ed. 799.

█ Applying these principles to the instant case, it follows that a lien for the full amount of the estate tax was impressed upon the gross estate of Isidore Rosenberg at the date of his death. Since the correct amount of the tax has never been paid in full, there is a present lien upon the property for the unpaid portion of the tax. The fact that the deficiency determined included the amount of the refund does not affect our conclusions. In the case of Levy v. Commissioner (C. C. A.) 48 F.(2d) 725, in this circuit it was held that the amount of a refund might properly be included in the determination of a deficiency. We are not confronted with the same situation as in the case of Kelley v. U. S., 30 F.(2d) 193 (C. C. A. 9), where there was no deficiency determined and the only amount claimed was that of the refund. The pay-

ment of the difference between the amount of the deficiency and that of the refund after the determination of the deficiency does not affect the existence of the tax lien.

██ The collector has the right to enforce the lien by distraint and sale as provided in sections 3187 and 3188 of the Revised Statutes (26 USCA §§ 116, 117). Although these sections apply to the enforcement of general liens created under Revised Statutes, § 3186, (26 USCA § 115) they also apply to the enforcement of special liens created by other statutes. Blacklock v. U. S., 208 U. S. 75, 28 S. Ct. 228, 52 L. Ed. 396. A tax lien on property may be enforced by seizure and sale under a warrant of distraint where, at the time the lien attached, the property belonged to the person liable to pay the tax. Hartman v. Bean, 99 U. S. 393, 25 L. Ed. 455; Mansfield v. Excelsior Refinery Co., 135 U. S. 326, 10 S. Ct. 825, 34 L. Ed. 162; Blacklock v. U. S., supra. For estate tax purposes, the executor or administrator is the person liable to pay the tax. Since the estate tax lien attaches immediately upon the death of a decedent, the property at that time may be regarded as belonging to the taxpayer, that is, the administrator or executor. Property which constituted the decedent's estate and passed into the hands of the executor or administrator was impressed with the lien and is subject to seizure and sale.

Judgment affirmed.