**LYETH v. HOEY, Collector of Internal Revenue.**

District Court, S. D. New York.
March 10, 1939.

Carter, Ledyard & Milburn, of New York City (J. M. Richardson Lyeth and Allin Hugh Pierce, both of New York City, of counsel), for plaintiff.

Gregory F. Noonan, U. S. Atty., of New York City (George B. Schoonmaker, Asst. U. S. Atty., of New York City, of counsel), for defendant.

COXE, District Judge.

This is a companion suit to Lyeth v. Hoey, decided by the Supreme Court on December 5, 1938, 305 U.S. 188, 59 S.Ct. 155, 83 L.Ed. 119, 119 A.L.R. 410. The plaintiff is the brother of Munro L. Lyeth, the plaintiff in the former suit. He seeks to recover an overpayment of income taxes for the year 1933, amounting to $65,030.87.

This overpayment was made by the plaintiff on Oct. 16, 1936.

The complaints in the two suits are substantially the same. It is unnecessary, therefore, to restate the facts, which are fully set forth in the opinion in the Supreme Court.

In his answer in the present suit, the defendant admits that the assessment of the income tax deficiency against the plaintiff for the year 1933 was illegal. He also admits that no part of the payment of $65,030.87 made by the plaintiff has been refunded, credited or paid back. It is, however, asserted by way of affirmative defense that the plaintiff is liable as a transferee of the Longyear estate for an estate tax deficiency of $43,275.67 with interest thereon of $10,700.80, or a total of $54,976.47, and the prayer is that any recovery against the defendant should, therefore, be limited to $10,054.40.

The allegations of the affirmative defense need not be stated in detail. In brief, they are that the commissioner was originally of the opinion that the estate tax against the Longyear estate should be determined on the basis of the will as written; that this opinion was shown to be erroneous by the Supreme Court decision; and that the commissioner accordingly determined on Dec. 29, 1938, that there was a deficiency estate tax of $43,275.67 and interest due not only from the Longyear estate but also from the plaintiff as one of the transferees thereof. It is further alleged that the time within which any additional estate tax could be assessed against the Longyear estate expired on Nov. 21, 1935, and against the plaintiff as transferee on Nov. 21, 1936. There is also an allegation that on Oct. 16, 1936, when the plaintiff made the payment of $65,030.87, the Longyear estate had been fully distributed, and each of the heirs, including the plaintiff, had received property valued at more than the amount of the deficiency estate tax.

In the former suit brought by Munro L. Lyeth, an affirmative defense in all essential respects similar to the one now advanced by the defendant was interposed by the collector, and overruled by this court. Lyeth v. Hoey, D.C., 20 F.Supp. 619. The question was not, however, considered by the Circuit Court of Appeals on the appeal from the judgment; Lyeth v. Hoey, 2 Cir., 96 F.2d 141; and when the case reached the Supreme Court, the defense was aban-

doned by the Government, and was not for that reason considered by the court.

█ The liability of the plaintiff for the additional estate tax is not dependent on assessment either against the Longyear estate or the plaintiff as transferee. United States v. Ayer, 1 Cir., 12 F.2d 194; United States v. Cruikshank, D.C., 48 F.2d 352; Leighton v. United States, 289 U.S. 506, 53 S.Ct. 719, 77 L.Ed. 1350. I think, too, that the plaintiff may be held for the entire tax, even though he received only one-tenth of the property passing to the heirs under the compromise agreement. Phillips v. Commissioner, 283 U.S. 589, 51 S.Ct. 608, 75 L.Ed. 1289.

█ The question then is whether there are any statutory requirements standing in the way of a defense of equitable recoupment. I think that there are. Sections 607 and 609(a) of the 1928 Revenue Act, 26 U.S.C.A. §§ 1670(a) (2), 1675(a) prohibit the government from crediting the amount of any tax overpayment against a barred deficiency. These sections were held to prevent recoupment in McEachern v. Rose, 302 U.S. 56, 58 S.Ct. 84, 82 L.Ed. 46, on facts essentially the same as those found in the present suit.

The defendant says that Sections 607 and 609(a) do not apply because Section 322 of the 1938 Revenue Act, 26 U.S.C.A. § 322 (the same provision being in all the revenue acts since 1928) does not expressly authorize any credit of an overpayment of income taxes against a deficiency in an estate tax. It is, therefore, argued that the commissioner could not have credited the overpayment of income taxes against the liability of the plaintiff as transferee for the estate tax deficiency.

The case of Stone v. White, 301 U.S. 532, 57 S.Ct. 851, 81 L.Ed. 1265, is relied on in support of the contention. In that case, testamentary trustees paid a tax on income of a trust estate, which should have been paid by the beneficiary. They then brought suit for recovery after the government's claim against the beneficiary had been barred. The court denied recovery on the ground that the interests of the trustees and the beneficiary were substantially the same, and it would be inequitable to allow the trustees to recover after the collection of the tax from the beneficiary had become barred. It was held that Sections 607 and 609(a) were inapplicable because Section 322 did not permit the commissioner "to credit the

amount which the one taxpayer had paid against the tax which another should have paid". McEachern v. Rose, supra, 302 U.S. page 63, 58 S.Ct. page 87, 82 L.Ed. 46. That is not the situation in the present suit, for the government is here asserting a claim for a deficiency estate tax against the same person who is entitled to a refund. In effect, the defendant is seeking to do just what he says the commissioner had no authority to do under Section 322.

The motion of the plaintiff for summary judgment is granted.