## UNITED STATES v. FISHER et al.
### No. 3633.

District Court, E. D. Michigan, S. D.
Oct. 17, 1944.

John C. Lehr, U. S. Atty., and Arnold W. Lungerhausen, Asst. U. S. Atty., both of Detroit, Mich. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Andrew D. Sharpe and F. A. Michels, Sp. Assts. to Atty. Gen., on the brief), for the government.

Arthur E. Whipple and Nellis & Nellis, all of Detroit, Mich., for defendants Hannan and Charles Fisher.

Perry W. Richwine, of Plymouth, Mich., for remaining defendants.

LEDERLE, District Judge.

### Findings of Fact

1. At the pre-trial hearings held in accordance with the provisions of Rule 16 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, all of the material facts were agreed upon and formal stipulations filed in accordance with these agreements. The following summary of the stipulated facts is all that is necessary for a decision of the issues raised by the pleadings.

2. This is an action by the United States, under the "trust fund" doctrine, against transferees who received all the assets of a decedent's estate in 1930, to collect from them a balance of income taxes in the principal amount of approximately $37,000 owing upon the last annual income of decedent George H. Fisher, who died, a resident of this District, in 1929. Defendants have all appeared and answered.

3. Decedent's income tax deficiency, on return filed by his executor on March 13, 1930, in the principal amount of $50,962.44, was finally determined on April 25, 1935, in a decision on the merits by the Board of Tax Appeals (now Tax Court) adverse to the estate executor, defendant George E. Fisher. The executor's petition for review thereof, which he filed on July 20, 1935, was dismissed at his request by order of the Sixth Circuit Court of Appeals on November 8, 1937. In the interim, on August 9, 1935, the Commissioner of Internal Revenue assessed the deficiency, which then amounted to $67,479.85 with accrued interest, against the executor, no bond for stay of assessment and collection of the tax having been filed with the Board.

4. On August 24, 1935, with assets returned to him by various of the defendant-transferees, the executor made a payment of $29,000 on the deficiency, and on September 11, 1935, he made a further like payment of $1,292.26. The balance of $37,187.59 principal, plus accrued interest, remains unpaid. On November 20, 1930, an overpayment of $2,354.29 was made upon the federal estate tax liability, which the Government concedes may be credited against the amount due.

5. On January 10, 1941, within six years after the assessment against the executor, the executor filed with the Collector of Internal Revenue a written offer of compromise of this tax liability, which offer contained the usual express provision suspending the running of the statute of limitations on collection of the assessment for the period during which the offer was pending and for one year thereafter. A second offer in the same form, but in an increased amount, was made by the executor on October 24, 1941, during the pendency of the first offer. These offers were made in accordance with formal orders of the Wayne County (Michigan) Probate Court, where proceedings for probating decedent's estate were pending, and each order specifically authorized the executor to make the offer of compromise, with moneys contributed by the heirs of decedent, and "to sign such offer and compromise forms and such other written forms as may be necessary." Both offers of compromise were rejected by the Commissioner on April 4, 1942. This suit was instituted on January 16, 1943.

6. The defendants herein are five general distributees of the assets of the estate and two special legatees. The executor paid each of these special legatees $5000 out of estate assets prior to October 8, 1930. The five general distributees in the aggregate received from the executor personal property of the estate valued at $1,230,656.-46 prior to October 16, 1930, divided among them in equal shares. On October 8, 1930, the executor's so-called "final account" was approved and allowed by the Probate Court and the residue assigned subject to payment of inheritance tax. This account listed as unpaid obligations: "Federal, State Inheritance and Federal Income Tax (1930) to be paid."

7. Defendants' various contentions can be analyzed briefly. En bloc, they argue that they are not liable as claimed for the following reasons:

a) No assessment was made against any of them personally as transferees, and as such an assessment is a prerequisite to transferee suit, this action cannot be maintained;

b) Because such distributions were authorized by order of the State Probate Court, this constituted a judicial determination of their propriety, which is binding upon all parties interested in the estate, including the Government;

c) Because in 1930 the executor's so-called "final account" was approved by the Probate Court with a direction for him to distribute the residue, which he did,—this combination of circumstances, by divesting the estate of assets, had removed the necessity for an executor to administer estate assets, and, there being no necessity for an executor to administer anything, he was without authority to act for the estate thereafter and especially not in 1941 when he submitted the offers of compromise and agreed to suspension of the statute of limitations; and, consequently, this action is barred by the statute of limitations;

d) None of the defendants. individually authorized the executor to waive the statute of limitations, and, consequently, such a waiver would not be binding upon any of them.

The specific legatees further contend that, as they each received only $5,000 of estate assets, after receipt of which there should have been a general residue of more than ample to pay the tax in question, the gift which they received cannot be subjected to payment of this estate obligation.

8. At the time of presenting the offers in compromise containing waivers of the statute of limitations, defendant George E. Fisher was still executor of said estate. Prior to trial of this case, no notice apparently was ever given, nor claim advanced, that he was not acting in such capacity.

9. The various transfers to defendants were steps in a transaction to fully distribute assets of the estate to the heirs named in decedent's will. Upon completion of such distribution in 1930, there were no assets left in the estate with which to meet this outstanding tax liability, and, consequently, the estate was thereby rendered insolvent, in which condition it still remains.

10. The total amount due plaintiff from the Fisher Estate on this date is $54,647.-04, which includes interest as claimed by the Government, namely, six percent per annum from August 12, 1935, the date the assessment was docketed in the Detroit office of the Internal Revenue Department, after allowing the three credits totaling $32,646.55 as specified in finding number four.

Conclusions of Law

1. This court has jurisdiction of this action as "a suit of a civil nature * *

brought by the United States," and, also, as a "case arising under a law providing for internal revenue." 28 U.S.C.A. § 41 (1) and (5).

■ 2. Where a deficiency in income taxes upon the last income of decedent has been finally determined by a Board of Tax Appeals decision on the merits against decedent's executor, appeal from which was dismissed, distributees of decedent's assets, being in privity with the Executor who transferred to them, are concluded thereby and cannot collaterally attack it. Rankin v. City of Big Rapids, 6 Cir., 133 F. 670; Donald v. J. J. White Lbr. Co., 5 Cir., 68 F.2d 441; First Nat. Bank of Chicago v. Com'r, 7 Cir., 112 F.2d 260, certiorari denied 311 U.S. 691, 61 S.Ct. 72, 85 L.Ed. 447. See also: Annotation, 130 A.L.R. 374, 385.

■ 3. The summary procedure introduced by the 1926 Revenue Act, 26 U.S.C.A. Int.Rev.Acts, page 145 et seq., for assessment and collection of income taxes against a transferee of assets is not an exclusive, but a cumulative, remedy for enforcing existing "liability, at law or in equity." 26 U.S.C.A. Int.Rev.Code, § 311; Phillips v. Com'r, 283 U.S. 589, 51 S.Ct. 608, 75 L.Ed. 1289; Leighton v. United States, 289 U.S. 506, 53 S.Ct. 719, 77 L.Ed. 1350.

■ 4. Liability of a transferee of assets for payment of taxes under the equitable "trust fund" doctrine, was a "liability in equity" which existed at the time the 1926 Revenue Act introduced a summary procedure for assessment and collection of income taxes from transferees, and, consequently, was unimpaired by the 1926 Act. Leighton v. United States, 289 U.S. 506, 53 S.Ct. 719, 77 L.Ed. 1350; Rosenberg v. McLaughlin, 9 Cir., 66 F.2d 271, certiorari denied 290 U.S. 696, 54 S.Ct. 132, 78 L.Ed. 599.

■ 5. While formal assessment of tax deficiency against a transferee of assets is required when the Government follows the summary procedure established by the 1926 Revenue Act, such assessment has never been a prerequisite to suit against a transferee under the equitable "trust fund" doctrine. Leighton v. United States, 289 U.S. 506, 53 S.Ct. 719, 77 L.Ed. 1350; Rosenberg v. McLaughlin, 9 Cir., 66 F.2d 271, certiorari denied 290 U.S. 696, 54 S.Ct. 132, 78 L.Ed. 599.

■ 6. While, as between special and residuary legatees, the former may have priority, rights of creditors are always superior to rights of gratuitous donees, and, by express federal and state legislation, the United States Government is preferred above other creditors. Rankin v. City of Big Rapids, 6 Cir., 133 F. 670; Schutz v. Read, 284 Mich. 548, 280 N.W. 45; 31 U.S.C.A. § 191; Price v. United States, 269 U.S. 492, 46 S.Ct. 180, 70 L.Ed. 373; Sec. 15699, C.L. of Mich. for 1929, as amended, M.S.A. 27.3178 (420).

■ 7. The assets of a deceased taxpayer are primarily liable for payment of his federal income taxes, and the government can remain aloof from state court proceedings to probate the taxpayer's estate and nothing done therein can affect this primary liability. 31 U.S.C.A. § 191.

■ 8. Where, without payment of decedent's outstanding income tax liability, there is a distribution to heirs of all assets of the decedent's estate, so that upon completion of such distribution the estate is insolvent and without any assets, and resort to the estate for payment of the tax would be a useless gesture, each donee who has received a part of such distribution is severally liable under the "trust fund" doctrine to account for the value of assets so distributed to him and to be required to pay such tax to the extent of assets so received, and, in establishing such a liability, recognition need not be given to equities or priorities that may exist between such donees. Leighton v. United States, 289 U.S. 506, 53 S.Ct. 719, 77 L.Ed. 1350; Rankin v. City of Big Rapids, 6 Cir., 133 F. 670; Allen v. Conklin, 112 Mich. 74, 70 N.W. 339; Schutz v. Read, 284 Mich. 548, 280 N.W. 45; Phillips v. Com'r, 283 U.S. 589, 603, to 605, 51 S.Ct. 608, 75 L.Ed. 1289; Caire v. Com'r, 5 Cir., 101 F.2d 992, 993; Roche v. Com'r, 5 Cir., 63 F.2d 623, 624; Lyeth v. Hoey, D.C., 27 F.Supp. 9, 10, affirmed 2 Cir., 112 F.2d 4, 130 A.L.R. 830. Cf. 9 Mertens Law of Fed. Income Taxation, p. 536, Sec. 53.41; Carrie M. Botts v. Com'r, 42 B.T.A. 977, reversed, sub. nom. Tooley, Ex., v. Com'r, 9 Cir., 121 F.2d 350.

■ 9. The liability, at law or in equity, of a transferee of property of a taxpayer, in respect of income tax of such taxpayer, is subject to assessment, collection and payment under the same provisions and limitations as in the case of a deficiency in the taxpayer's income tax. 26 U.S.C.A. Int. Rev.Code, § 311(a) (1); First Nat. Bank of Chicago v. Com'r, 7 Cir., 112 F.2d 260,

certiorari denied 311 U.S. 691, 61 S.Ct. 72, 85 L.Ed. 447.

10. Each defendant is within the statutory definition of a "transferee," which includes "heir, legatee, devisee, and distributee." 26 U.S.C.A. Int.Rev.Code, § 311 (f).

11. Where a taxpayer is deceased, the period of limitation for assessment against his personal representative is the period that would have been in effect had death not occurred. 26 U.S.C.A. Int.Rev.Code, § 311 (c).

12. Where the Commissioner assessed an income tax deficiency against a deceased taxpayer's executor on August 9, 1935, which was 3½ months after decision of the Board of Tax Appeals on the merits redetermining such deficiency, appeal from which was subsequently dismissed, the assessment was timely and proper where no bond was filed with the Board for stay of assessment and collection. 26 U.S.C.A. Int. Rev.Code, §§ 272, 277, 1142, 1145.

13. Upon notice to the Commissioner that any person is acting in a fiduciary capacity, such fiduciary assumes the powers, rights, duties, and privileges of the taxpayer in respect of income taxes, except that tax shall be collected from the estate of taxpayer, until notice is given that the fiduciary capacity has terminated. 26 U.S. C.A. Int.Rev.Code § 312 (a); Sanborn v. Helvering, 8 Cir., 108 F.2d 311, certiorari denied, 301 U.S. 700, 57 S.Ct. 930, 81 L.Ed. 1355; Tooley v. Com'r, 9 Cir., 121 F.2d 350.

14. A deceased taxpayer's executor has authority to waive a period of limitation for assessment and collection of federal income tax, even where there is a want of authority under state law. Colonial Trust Co. v. United States, 55 F.2d 512, 73 Ct.Cl. 549, certiorari denied 286 U.S. 560, 52 S.Ct. 643, 76 L.Ed. 1294; Aldridge v. United States, 64 Ct.Cl. 424; Davis v. United States, D.C., 27 F.2d 630.

15. Where, as here, there was a timely assessment of income tax deficiency against a deceased taxpayer's executor, such tax may be collected by a proceeding in court commenced, as was this case, prior to the expiration of the period for collection agreed upon in writing by the Commissioner and the taxpayer's executor before the expiration of six years from assessment date. 26 U.S.C.A. Int.Rev.Code § 276 (c).

16. A fortiori, as to defendant George E. Fisher, who, as executor, prosecuted the litigation in which the deficiency was finally determined, and presented to the Commissioner the offers of compromise, he is estopped to question his own lack of authority, and is also directly liable to plaintiff for his devastavit in distributing estate assets before discharging decedent's income tax obligation. Haag v. Com'r, 7 Cir., 59 F. 2d 516; Buzard v. Helvering, 64 App.D.C. 268, 77 F.2d 391; Union Bleachery v. Com'r, 4 Cir., 97 F.2d 226; 31 U.S.C.A. §§ 191, 192; United States v. First Huntington Nat. Bk., D.C., 34 F.Supp. 578, affirmed without opinion 4 Cir., 117 F.2d 376.

17. Gratuitous transferees, as the general distributees here, who prior to assessment against the taxpayer received his assets valued in excess of the total principal and interest of taxes due from the taxpayer, are liable for payment of the total amount of taxes with interest from date of assessment at the rate of six per cent per annum, where such transfer rendered the taxpayer insolvent; and transferees, as the special legatee here, who received assets under the same circumstances but in a smaller amount, are liable for such taxes to the extent of the value of the assets they received with interest thereon at six percent per annum from date of assessment. Robinette v. Com'r, 6 Cir., 139 F.2d 285, certiorari denied 322 U.S. 745, 64 S.Ct. 1155, rehearing denied 322 U.S. 772, 64 S. Ct. 1283; Buzard v. Helvering, 64 App.D. C. 268, 77 F.2d 391, 396.

18. It consequently follows that plaintiff is entitled to the relief it seeks, and I am entering herewith judgment in favor of plaintiff and against each of the general distributees in the amount of $54,647.04, and against each of the special legatees in the amount of $7725, providing that the plaintiff may have only one satisfaction of its claim.