LEIGHTON ET AL. v. UNITED STATES.

No. 735. Argued May 11, 1933.—Decided May 29, 1933.

*Mr. Herman Weinberger,* with whom *Messrs. Walter C. Fox, Jr.,* and *Blair S. Shuman* were on the brief, for petitioners.

*Mr. Paul D. Miller,* with whom *Solicitor General Biggs* and *Messrs. Sewall Key* and *Hayner N. Larson* were on the brief, for the United States.

MR. JUSTICE McREYNOLDS delivered the opinion of the Court.

In 1921 all assets of Leighton and Co., Inc., of California, were sold and the proceeds distributed pro rata among stockholders, including petitioners. Nothing remained to satisfy outstanding corporate obligations.

September, 1925, within the time permitted by statute, or written waivers, the Commissioner of Internal Reve-

nue notified the corporation of tax deficiencies for 1918, 1919, and 1920; and on January 16, 1926, he assessed these against it. There was no contest. Efforts to enforce payment by distraint were unsuccessful. The present equity suit seeks to compel petitioners severally to account for corporate property in order that it may be applied toward payment of taxes due by the company. No assessment was made against any petitioner.

The District Court ruled that the distributed assets constituted a trust fund and adjudged that each petitioner should account for the amount he received, with interest, from January 16, 1926. The Circuit Court of Appeals affirmed this judgment. [61 F. (2d) 530.] The matter comes here by certiorari.

Pertinent provisions of The Revenue Act of 1926, c. 27, 44 Stat. 9, 55, 59, 61, are in the margin.*

Prior to the Revenue Act of 1926, the United States in an equity proceeding might recover from distributees

---

* Sec. 274. (a) If in the case of any taxpayer, the Commissioner determines that there is a deficiency in respect of the tax imposed by this title, the Commissioner is authorized to send notice of such deficiency to the taxpayer by registered mail. Within 60 days after such notice is mailed (not counting Sunday as the sixtieth day), the taxpayer may file a petition with the Board of Tax Appeals for a redetermination of the deficiency. Except as otherwise provided in subdivision (d) or (f) of this section or in section 279, 282, or 1001, no assessment of a deficiency in respect of the tax imposed by this title and no distraint or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 60-day period, nor, if a petition has been filed with the Board, until the decision of the Board has become final. Notwithstanding the provisions of section 3224 of the Rev. Stats. the making of such assessment or the beginning of such proceeding or distraint during the time such prohibition is in force may be enjoined by a proceeding in the proper court.

Sec. 278. (a) In the case of a false or fraudulent return with intent to evade tax or of a failure to file a return the tax may be assessed,

of corporate assets, without assessment against them, the value of what they received in order to discharge taxes assessed against the corporation. *Phillips* v. *Commissioner,* 283 U.S. 589, 592; *United States* v. *Updike,* 281 U.S. 489. And this right remained unless taken away by the specific words or clear intendment of the 1926 enactment. *United States* v. *Chamberlain,* 219 U.S. 250, 261; *United States* v. *Nashville, C. & St. L. Ry.,* 249 Fed. 678, 681.

Petitioners rely upon § 280 of that Act and maintain that while the words of this standing alone would not suffice to destroy the right, nevertheless when read in connection with §§ 274 (a) and 278 there is enough clearly

---

or a proceeding in court for the collection of such tax may be begun without assessment, at any time.

(b) Any deficiency attributable to a change in a deduction tentatively allowed under paragraph (9) of subdivision (a) of section 214, or paragraph (8) of subdivision (a) of section 234, of the Revenue Act of 1918 or the Revenue Act of 1921, may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time.

(c) Where both the Commissioner and the taxpayer have consented in writing to the assessment of the tax after the time prescribed in section 277 for its assessment the tax may be assessed at any time prior to the expiration of the period agreed upon.

(d) Where the assessment of any income, excess-profits, or war-profits tax imposed by this title or by prior Act of Congress has been made (whether before or after the enactment of this Act) within the statutory period of limitation properly applicable thereto, such tax may be collected by distraint or by a proceeding in court (begun before or after the enactment of this Act), but only if begun (1) within six years after the assessment of the tax, or (2) prior to the expiration of any period for collection agreed upon in writing by the Commissioner and the taxpayer (U.S.C.App., Title 26, Sec. 1061).

Sec. 280. (a) The amounts of the following liabilities shall, except as hereinafter in this section provided, be assessed, collected, and paid in the same manner and subject to the same provisions and limitations as in the case of a deficiency in a tax imposed by this title (including the provisions in case of delinquency in payment after notice and

to show the purpose of Congress to require an assessment against them before suit for restitution. And, further, that the sole remedy available in the present circumstances is the one prescribed by § 280.

The meaning of the statute is not free from uncertainty. The insistence presented in behalf of the petitioners is at least plausible, but this has been before the courts several times and none has approved it. On the other hand, the right of the United States to proceed against transferees by suit since the Act of 1926 has been definitely recognized. *United States* v. *Updike*, 25 F. (2d) 746 (Dist. Ct.); affirmed, C.C.A. 32 F. (2d) 1. *Phillips* v. *Commissioner*, 42 F. (2d) 177; affirmed, 283 U.S. 589, 593 (Note); *United States* v. *Greenfield Tap & Die Corp.*, 27 F. (2d) 933 (Dist. Ct.); *United States* v. *Garfunkel*, 52 F. (2d) 727 (Dist. Ct.).

Considering the established rule of strict construction, the views expressed in the cases cited, also the possible conflict with other statutory provisions pointed out in those opinions, we cannot accept petitioners' interpretation of the statute. The present suit was properly brought, we think, and the courts below reached the correct conclusion. There was no abuse of discretion in respect of interest. *Affirmed.*

---

demand, the provisions authorizing distraint and proceedings in court for collection, and the provisions prohibiting claims and suits for refunds):

(1) The liability, at law or in equity, of a transferee of property of a taxpayer, in respect of the tax (including interest, additional amounts, and additions to the tax provided by law) imposed upon the taxpayer by this title or by any prior income, excess-profits, or war-profits tax Act.

(b) The period of limitation for assessment of any such liability of a transferee or fiduciary shall be as follows:

(1) Within one year after the expiration of the period of limitation for assessment against the taxpayer.