**PHILLIPS–JONES CORPORATION et al. v. PARMLEY et al. ***

No. 6216.

Circuit Court of Appeals, Third Circuit.

March 2, 1937.

Montgomery & McCracken, of Philadelphia, Pa., Herman Goldman, of New York City, and Ulric J. Mengert, of Philadelphia, Pa., for appellants.

P. B. Roads, of Pottsville, Pa., for appellee Wilkinson.

John C. Noonan, of Philadelphia, Pa., for appellee Parmley.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

This is an appeal from a decree of the District Court for the Eastern District of Pennsylvania dismissing an amended bill of complaint in which the appellants prayed for a decree against the several appellees directing them to contribute their pro rata shares of a judgment collected from the appellants. The facts leading up to this suit are stated by Mr. Justice Brandeis in Phillips v. Commissioner, 283 U.S. 589, 591, 51 S.Ct. 608, 609, 75 L.Ed. 1289, as follows: "In 1919, the Coombe Garment Company, a Pennsylvania corporation, dis-

*Writ of certiorari granted 57 S.Ct. 942, 81 L.Ed. ——

tributed all of its assets among its stockholders, and then dissolved. Thereafter, the Commissioner of Internal Revenue made deficiency assessments against it for income and profits taxes for the years 1918 and 1919. A small part of these assessments was collected, leaving an unpaid balance of $9,306.36. I. L. Phillips, of New York City, had owned one-fourth of the company's stock and had received $17,139.61 as his distributive dividend. Pursuant to section 280 (a) (1) of the Revenue Act of 1926, c. 27, 44 Stat. 9, 61, the Commissioner sent due notice that he proposed to assess against, and collect from, Phillips the entire remaining amount of the deficiencies. No notice of such deficiencies was sent to any of the other transferees, and no suit or proceedings for collection was instituted against them." The Supreme Court sustained the right of the Commissioner to collect the entire deficiency through summary proceedings from Phillips alone. It did not, however, rule upon the right of Phillips to obtain contributions from the other stockholders. That is the question before us.

The right to contribution is of necessity dependent upon a prior determination that the appellees are liable for the corporation deficiency tax. It was unsuccessfully argued to the Supreme Court that Phillips should not be solely liable for the entire sum of the deficiency. The inequity to Phillips is not without justification. The decisions provide that the Commissioner may assess a tax in the summary fashion provided for by the 1926 act; by a bill in equity, as in Leighton v. United States, 289 U.S. 506, 53 S.Ct. 719, 77 L.Ed. 1350; or by an action at law, as in the cases cited in note 2 in Phillips v. Commissioner, supra. Phillips had the right to contest, and his executors did, in fact, contest the assessment before the Board of Tax Appeals, the Circuit Court of Appeals and the Supreme Court, with the Commissioner at all times a party litigant. Phillips' executors would have had an opportunity to contest had the Commissioner initiated proceedings against them by a bill in equity or by an action at law. The contentions of the appellants, however, if sustained, would deprive the appellees of a similar right. Any stockholder, including the appellees, should be and in our opinion is, entitled to an assessment by the Commissioner prior to imposition of tax liability upon him. The appellants would by implication add another method of imposing an assessment upon the stockholder, namely, by an action for contribution. It is not for the courts to extend the methods prescribed by Congress for imposing tax liability. In the absence of assessment against the several appellees by the Commissioner, or, a decree or judgment of a court of record imposing tax liability upon them at the instance of the Commissioner, the liability to contribution in relief of the appellant is not established.

The decree of the District Court dismissing the bill in equity is affirmed.