**UNITED STATES of America,**
**Plaintiff,**

**v.**

**Carl J. SEYLER and Karl F. Beary,**
**Defendants.**

**Civ. No. 10024.**

United States District Court
W. D. Pennsylvania.
June 25, 1956.

D. Malcolm Anderson, Jr., U. S. Atty., Pittsburgh, Pa., Arthur Biggins, Kenneth Ray, Sp. U. S. Attys., Department of Justice, Washington, D. C., for plaintiff.

No appearance for defendant.

MARSH, District Judge.

This action was brought against the defendants, as transferees of the assets of Seekay Sales Engineering Company, Inc., to collect the unpaid income taxes assessed that corporation for the fiscal year ending June 30, 1945.

The defendant, Carl J. Seyler, failed to plead or otherwise defend this action and a default judgment was entered against him pursuant to the Federal Rules of Civil Procedure, 28 U.S.C.

The defendant, Karl F. Beary, filed an answer to the complaint admitting and denying some of the allegations therein and expressing a lack of knowledge and information as to other allegations. A non-jury trial was held November 28, 1955, at which time no appearance was made by the defendant in person or by counsel. From the testimony, and exhibits in evidence, the court makes the following

### Findings of Fact

1. This action was authorized by the Commissioner of Internal Revenue of the United States Treasury Department and brought under the direction of the Attorney General of the United States.

2. The defendant, Karl F. Beary, resides at Allentown, Lehigh County, Pennsylvania.

3. Seekay Sales Engineering Company, Inc., a Pennsylvania corporation, was organized June 30, 1944. Its office and principal place of business was in Pittsburgh, Pennsylvania.

4. On November 14, 1945, the Commissioner of Internal Revenue made an assessment of taxes upon the income of said Seekay Sales Engineering Company, Inc., for its fiscal year ended June 30, 1945, in the amount of $22,355.56 and included interest thereon in said assessment to November 10, 1945, in the amount of $203.65 for a total assessment of $22,559.21. On October 14, 1946, a credit of $3,669.72 was applied on this assessment. No part of the balance of $17,870.75 has been paid.

5. The stockholders of the Seekay Sales Engineering Company, Inc. and the amount of their respective holdings were as follows:

| Name | Shares of Stock |
|------|-----------------|
| Carl J. Seyler | 30 |
| Karl F. Beary | 15 |
| Paul E. Bernhard | 5 |
| Total shares outstanding | 50 |

6. During the fiscal year ending June 30, 1945, the Seekay Sales Engineering Company made cash distributions as dividends to its shareholders in the total amount of $55,526.40, as follows:

| Name | Dividends Paid |
|------|----------------|
| Carl J. Seyler | $33,315.84 |
| Karl F. Beary | 16,657.92 |
| Paul E. Bernhard | 5,552.64 |
|  | $55,526.40 |

7. The distribution by Seekay Sales Engineering Company of cash dividends to its shareholders decreased its assets to a point where the total remaining assets were substantially less than the outstanding liabilities.

8. The distribution by Seekay Sales Engineering Company of cash dividends in the total amount of $55,526.40 rendered the company insolvent.

9. At the time of the distribution, the stockholders of Seekay Engineering Company had notice of the potential income tax liability of the company.

**410**

### Discussion

■ The right of the United States to proceed by suit without assessment against transferees of assets of an insolvent corporation to collect unpaid income taxes assessed the corporation is well settled. Leighton v. United States, 289 U.S. 506, 53 S.Ct. 719, 77 L.Ed. 1350.

■ Generally, one of the essential elements that must be established in transferee liability cases is that the transfer of the assets must have been made after the liability in question accrued. The liability in this case is income taxes payable for the fiscal year ending June 30, 1945 which were assessed November 14, 1945. The transfers of assets which rendered the corporation insolvent were made prior to June 30, 1945.

Stockholders, however, may be charged with notice of a subsequently assessed tax constituting a potential liability at the time of the distribution, Updike v. United States, 8 Cir., 1925, 8 F.2d 913; United States v. Armstrong, 8 Cir., 1928, 26 F.2d 227; Scott v. Commissioner of Internal Revenue, 8 Cir., 1941, 117 F.2d 36. The stockholders of Seekay Sales Engineering Company may be charged with such notice. At the time of the dividend distributions, the corporation had received substantial taxable income upon which the income tax had not been paid. It was anticipated that the tax liability of the company would be paid from additional income expected during the fiscal year ending June 30, 1945; but that expectation never materialized. The stockholders were then requested by letter dated July 12, 1945 to return a portion of the dividend distributions in order that the corporation could pay its income tax due.

### Conclusions of Law

■ 1. This court has jurisdiction of the parties and the subject matter.

■ 2. When a corporation is made insolvent by a transfer of assets to its stockholders, each stockholder is liable to creditors for the full extent of the amount received by him.

3. A subsequently assessed tax is a potential liability of a corporation of which stockholders may be charged with notice.

■ 4. A transferee of assets of an insolvent corporation, charged with notice of a potential liability of the corporation, is liable for that potential liability to the full extent of the amount received by him.

■ 5. The United States is entitled to judgment against the defendant, Karl F. Beary, for the sum of $16,657.92 plus interest as provided by law.