**UNITED STATES of America, Plaintiff,**

v.

**Jack R. DECKER, Defendant.**

**Civ. No. 5353.**

United States District Court
D. Arizona.
April 13, 1965.

284

U. S. Atty., by Richard C. Gormley, Asst. U. S. Atty., Phoenix, Ariz., for plaintiff.

McRae, Elliott & Thompson, by John R. Elliott, Phoenix, Ariz., for defendant.

CRAIG, District Judge.

The above entitled cause was instituted by the United States through its Department of Internal Revenue for the purpose of collecting certain taxes assessed against the transferor-taxpayer from the defendant-transferee of the taxpayer. Plaintiff alleges the transfer of the property of the taxpayer to the defendant-transferee to have been fraudulently made.

The defendant-transferee, pursuant to Rules 8 and 12, Federal Rules of Civil Procedure, has moved to dismiss the action upon the grounds that the complaint fails to state a cause of action against the defendant upon which relief can be granted.

■ Two reasons are presented in support of defendant's motion: First, that the complaint fails to allege the fraudulent transfer with sufficient particularity to comply with Rule 9(b) of the Federal Rules of Civil Procedure; and second, that in any event the statute of limitations has run on the claim attempted to be alleged in the complaint. As to the first reason in support of defendant's motion to dismiss, this Court is of the opinion that the allegations of the fraudulent conveyance are set forth with sufficient particularity to state a cause of action and to comply with Rule 9(b) of the Federal Rules of Civil Procedure, and therefore so rules.

The problem raised by the defendant's second reason is somewhat more difficult of solution, and is basically the real issue before this Court.

The alleged fraudulent transfers by the taxpayer to the defendant-transferee transpired in the State of Utah during the years 1946 through 1956. Through various offers of compromise and amended offers of compromise made on behalf of the taxpayer, the statute of limitations was tolled from time to time. The last amended offer of compromise was tendered on behalf of the taxpayer on August 16, 1957, and provided that the statute of limitations should be tolled pending consideration of the amended offer, and for one year thereafter. The Treasury Department rejected the final amended offer on September 6, 1960. Whatever statute of limitations which might apply would therefore begin to run September 6, 1961. This action was instituted November 27, 1964. Both parties apparently concur that the instant action was not brought under Section 6901, Title 26, United States Code, and that the period of limitation provided in Subsection (c) thereof does not apply.

■ It is apparently conceded that if the action can be maintained at all, it is maintained under the plaintiff's alternative remedy of an action in equity based upon common law. That an action may be so maintained subsequent to the codification of the Internal Revenue Code,

Section 6901, Title 26 U.S.C., and predecessor statutes has been established. Leighton v. United States, 289 U.S. 506, 53 S.Ct. 719, 77 L.Ed. 1350.

The defendant urges that since plaintiff is relying upon its alternative remedy, *supra*, it is then relying upon the law of Utah; that the basis of plaintiff's cause of action is then found to be within the purview of the Utah Statutes, 25–1–1 et seq., Utah Code Annotated 1953, which in effect is the Uniform Fraudulent Conveyances Act; that the Utah law provides that actions based upon fraud or mistake must be instituted within three years and not thereafter, 78–12–26, Utah Code Annotated 1953, and that therefore the instant action cannot be properly maintained.

Plaintiff, on the other hand, urges that even though it is pursuing common law remedy, an equitable action to pursue assets fraudulently conveyed to a transferee, that remedy may be pursued so long as it is initiated within the time provided in Section 6502, Title 26 U.S.C.

If defendant is correct, the motion to dismiss should be granted; if the plaintiff is correct, the motion to dismiss should be denied.

The defendant cites Commissioner of Internal Revenue v. Stern, 357 U.S. 39, 78 S.Ct. 1047, 2 L.Ed.2d 1126 and Meyers v. U. S., 375 U.S. 233, 84 S.Ct. 318, 11 L.Ed.2d 293, for the proposition that where the United States proceeds outside the scope of Section 6901, Title 26, it must rely upon the substantive law of the state, in this instance Utah, and that under Utah law the within action is barred by the Utah statute of limitation. Stern, supra, held in effect that Section 311 of the 1939 Revenue Code (the predecessor section to Section 6901, Title 26) was a procedural statute, and that to establish its claim the Government must rely upon the law of the state. Meyers, supra, is to the same effect. Neither case, however, answers the precise question here presented. Granted the substantive law of the state controls the establishment or lack of establishment of the claim, does the state statute of limitations also apply?

In Phillips, et al v. Commissioner of Internal Revenue, 283 U.S. 589, 51 S.Ct. 608, 75 L.Ed. 1289, an action was instituted under Section 280 of the Revenue Act of 1926 (a predecessor statute to Section 6901, Title 26). A Pennsylvania statute of limitations was claimed as a bar to the maintenance of the action. The Court stated: "The United States is not bound by state statutes of limitation unless Congress provides that it shall be." (Citing authority). The Court then stated: "The detailed limitation periods specified in section 280 evidence the intention that they alone shall be applicable to the proceedings therein authorized."

In Board of Commissioners of Jackson County v. United States, 308 U.S. 343, 60 S.Ct. 285, 84 L.Ed. 313, the Court stated the general proposition that " * * * state notions of laches and state statutes of limitations have no applicability to suits by the Government, * * *." See also: Davis v. Corona Coal Co., 265 U.S. 219, 44 S.Ct. 552, 68 L.Ed. 987.

In none of the cases cited supra, nor in the cases cited by counsel for plaintiff or defendant, has the precise question submitted here been considered: Where the Government pursues its alternative remedy to Section 6901, Title 26, either at common law or under the codified substantive law of a state, does the state statute of limitations apply?

In the absence of a ruling of other courts on the precise question submitted here, this Court is of the opinion that the general rule heretofore enunciated that the United States is not bound by state statutes of limitation, unless Congress provides that it will be, is controlling. Congress has remained silent on this issue.

It is therefore ordered that Section 6502, Title 26 United States Code, is here applicable, and that the motion of the defendant to dismiss the within action upon the grounds that it is barred by the statute of limitations of the State of Utah is denied.