UNITED STATES of America, Plaintiff,

v.

Harriett C. RUSSELL, Executrix of the Estate of T. C. Russell, Deceased, Defendant.

No. KC–2953.

United States District Court, D. Kansas.

April 6, 1971.

John R. Gauntt, Atty., Tax Division, Dept. of Justice, Washington, D. C., Robert J. Roth, U. S. Atty., Wichita, Kan., and James A. Pusateri, Asst. U. S. Atty., Kansas City, Kan., for plaintiff.

Felix G. Kancel, Kansas City, Kan., and Jerry B. Hicks, San Diego, Cal., for defendant.

MEMORANDUM AND ORDER

ARTHUR J. STANLEY, Jr., Senior District Judge.

This is an action brought by the United States to recover estate taxes which it contends are owed by the estate of one T. C. Russell. Liability is sought to be imposed on Harriett C. Russell, the wife of the decedent and the surviving joint tenant of some of the estate assets, pursuant to the provisions of 26 U.S.C.A. § 6324(a) (2). The government has abandoned its claim against the defendant in her representative capacity since the estate is insolvent. The matter is now before the court on cross motions for summary judgment, the parties having agreed that only questions of law remain in the case.

There are two issues in this suit which may be concisely stated as follows: (1) Is assessment against the defendant of the estate taxes owed by the T. C. Russell estate a prerequisite to suit under 26 U.S.C.A. § 6324(a) (2)? (2) Is the government's claim against the defendant as spouse and surviving tenant of T. C. Russell barred by the statute of limitations contained in 26 U.S.C.A. § 6901(c)? These questions will be answered seriatim.

The defendant concedes that the government has alternative ways to enforce the liability of a fiduciary or a transferee for the nonpayment of federal estate taxes, in some instances, without assessment against the transferee. However, she contends that the government has elected to proceed solely under § 6324(a) (2), and that assessment, and notice thereof to the transferee, is mandatory under this section. In this connection, paragraph six of the "Amended Pretrial Order," which was

signed by attorneys for both parties, reads as follows:

"The Government concedes that the Complaint against defendant in her representative capacity and as spouse and surviving joint tenant is not based upon the enforcement of a federal estate tax lien nor is it equitable in nature."

The government has stipulated that no tax assessment has ever been made against the defendant in her individual capacity, the only assessments made having been directed against the estate.

The defendant's argument commences with an analysis of 26 U.S.C.A. § 6901. Section 6901(a) (1) (A) reads in pertinent part as follows:

"(a) Method of collection.—The amounts of the following liabilities shall, except as hereinafter in this section provided, be assessed, paid, and collected in the same manner and subject to the same provisions and limitations as in the case of the taxes with respect to which the liabilities were incurred:

"(1) Income, estate, and gift taxes. —

"(A) Transferees.—The liability, at law or in equity, of a transferee of property—

"* * *

"(ii) of a decedent in the case of tax imposed by chapter 11 (relating to estate taxes) * * *."

Subsection (h) of § 6901 defines a transferee to include "any person who, under section 6324(a) (2), is personally liable for" tax. Perhaps the most persuasive argument in defendant's favor is contained in the language of § 6901(c). That subsection reads:

"(c) Period of limitations.—The period of limitations for assessment of any such liability of a transferee or a fiduciary shall be as follows:

"(1) Initial transferee.—In the case of the liability of an initial transferee, within 1 year after the expiration of the period of limita-

tion for assessment against the transferor * * *." (Emphasis supplied)

Since Congress in § 6901(c) established a limitation on the period within which an assessment must be made against a transferee, the defendant argues that the intent is clear that an assessment must be made when the government proceeds under § 6324(a) (2). Furthermore, defendant asserts that by indicating in § 6901(a) that the amounts owed by transferees shall be "assessed, paid, and collected in the same manner and subject to the same provisions and limitations as in the case of the taxes with respect to which the liabilities were incurred," that it is clear that the requirements of §§ 6213(a) and 6501(a) are applicable to this proceeding.

■ It is the government's contention that the procedure set out in § 6901 is at most an alternative remedy and that it may recover from the transferee without prior assessment. I would have no difficulty in sustaining the government's position, based upon the authority of Leighton v. United States, 289 U.S. 506, 53 S.Ct. 719, 77 L.Ed. 1350 (1933), if this suit had been based in part on equitable principles. In Leighton, the Court specifically held that no assessment against the transferee was required. That case, however, involved a suit in equity in the nature of restitution or for an accounting. In our case, the government has disclaimed any right to recover on equitable principles or upon a federal estate tax lien. In these circumstances, I believe that the government, having elected to proceed solely under § 6324, may not disregard the procedural prerequisites which in my judgment must be satisfied when an action is brought under that section. Among these requirements is one that an assessment against the transferee be made and notice thereof sent to him. I base this conclusion on the specific reference in § 6901(h) to a transferee as including one whose liability is predicated on § 6324. That definition applies throughout § 6901 and I

view the various subsections thereof as applicable to our case in their entirety.

The government's reliance on United States v. 58th Street Plaza Theatre, Inc., 287 F.Supp. 475 (S.D.N.Y.1968), is misplaced. The court's conclusion of law number one clearly indicates that the government was proceeding in that case under 26 U.S.C.A. § 7403, rather than under § 7401 as in our case. My conclusion is strengthened by the following comment contained in Schuster v. C. I. R., 312 F.2d 311 (9th Cir. 1962):

> "We conclude that the transferee's liability for estate tax deficiencies, under federal law, is essentially a primary, not a secondary, obligation. Section 827(b) [a predecessor statute to § 6324] specifically imposes some limitations on the liability of such a transferee, for it requires that a deficiency be due from the estate, and that his liability therefor is limited to the value of the estate corpus which he received. But no other limitations were imposed, and there is nothing to suggest that others were intended. Therefore, it seems axiomatic that the transferee's liability for an estate tax deficiency is not conditioned on the Commissioner's remedies against the estate, except as the statute provides otherwise, and is in the nature of a direct and primary obligation independent of the obligation of the estate." (p. 315) See also United States v. Prince, 120 F.Supp. 563 (S. D.N.Y.1954) and United States v. Fisher, 57 F.Supp. 410 (E.D.Mich. 1944), both of which seem to imply that assessment must be made against the transferee where the government does not proceed on an equitable or "trust fund" theory.

The defendant next contends that the government's claim is barred by the statute of limitations contained in 26 U.S.C.A. § 6901(c). Section 6901(c) provides a period of limitation for assessment of transferee liability of one year after the expiration of the period of limitation for assessment against the transferor, the Estate of T. C. Russell. Section 6501(a) establishes a three-year limitation period for assessing a tax liability commencing, insofar as is applicable here, on the filing date of the estate tax return, in this case August 30, 1961. Under § 6501(a), therefore, the period for assessment against the estate would have expired August 30, 1964. However, § 6503(a) contains a tolling provision which is applicable in our case. That section provides for tolling for the period beginning with the date of mailing the notice of deficiency, in this case August 20, 1964, and if, as here, a Tax Court petition is filed, continuing until the decision of the Tax Court has become final and for 60 days thereafter. In accordance with 26 U.S.C.A. § 7483, the Tax Court decision became final on January 20, 1967, three months following the date of its decision which was entered on October 20, 1966. Sixty days after the Tax Court decision became final the limitation period was reviewed. Since the notice of deficiency with respect to the T. C. Russell estate was mailed on August 20, 1964, ten days before the assessment period expired, the government was barred from making any further assessment against the estate on April 2, 1967, eleven days after the limitation period was revived. Under § 6901(c), therefore, the government had one year from April 1, 1967 within which to assess a tax liability against the defendant as a transferee under § 6324. This the government did not do and consequently this action is barred by the statute of limitations.

It is ordered that the defendant's motion for summary judgment be granted.

It is further ordered that the plaintiff's motion for summary judgment be denied.