UNITED STATES of America,
Plaintiff-Appellant,

v.

Harriett C. RUSSELL, Executrix of the
Estate of T. C. Russell, Deceased,
Defendant-Appellee.

No. 71-1378.

United States Court of Appeals,
Tenth Circuit.

June 8, 1972.

Wm. Terry Bray, Dept. of Justice, Washington, D. C. (Fred B. Ugast, Acting Asst. Atty. Gen., Meyer Rothwacks and Crombie J. D. Garrett, Dept. of Justice, and Robert J. Roth, U. S. Atty., of counsel, on brief), for plaintiff-appellant.

William P. Shannahan, San Diego, Cal. (Jerry B. Hicks, Higgs, Fletcher & Mack, San Diego, Cal. and Felix G. Kancel, Jr., Kansas City, Kan., on brief), for defendant-appellee.

Before HILL, HOLLOWAY and Mc-WILLIAMS, Circuit Judges.

McWILLIAMS, Circuit Judge.

This is a tax case. Pursuant to the provisions of § 6324(a) (2) of the Internal Revenue Code of 1954, the United States brought a civil action in debt against Harriett C. Russell, the surviving widow of the decedent, T. C. Russell, seeking a personal judgment against her for unpaid federal estate taxes in the amount of $116,165 which had previously been assessed against the estate of T. C. Russell.

At the date of his death T. C. Russell and his wife, Harriett, owned in joint tenancy property of a value of approximately $900,000. By reason of the joint tenancy this property did not pass through T. C. Russell's probate estate and accordingly was not available to his personal representative for payment of federal estate taxes, though it was included in the federal estate tax return.

Following proceedings in the Tax Court, the federal estate tax liability was ultimately determined to be $151,165,

after which the estate paid the sum of $35,000, leaving a balance due and owing of $116,165. The foregoing facts were stipulated to by the parties in an amended pretrial order, and additionally it was agreed that though there had been an assessment against the estate of T. C. Russell, no assessment was ever made against Harriett Russell.

On this state of the record, i. e., complaint, answer, and amended pretrial order, both the United States and Harriett Russell moved for summary judgment. The latter motion was based on the grounds that there was no genuine issue as to any material fact and that "plaintiff's failure to make an assessment of tax liability against the defendant bars this action." The trial court, 327 F. Supp. 632, granted Russell's motion for summary judgment and entered an order dismissing the action "on its merits." The United States now appeals the judgment dismissing its action.

The trial court dismissed the action on the grounds that having failed to make a timely assessment against Harriett Russell (within one year after the expiration of the period of limitation for assessment against the transferor), as required by § 6901 of the Internal Revenue Code of 1954, the United States was precluded from thereafter maintaining an action under § 6324(a) (2) against Harriet Russell as the surviving tenant of jointly owned property. We disagree and hold that the collection procedures contained in § 6901 are not exclusive and mandatory, but are cumulative and alternative to the other methods of tax collection recognized and used prior to the enactment of § 6901 and its statutory predecessors. In thus holding, we rely primarily on what we deem to be the teaching of Leighton v. United States, 289 U.S. 506, 53 S.Ct. 719, 77 L.Ed. 1350 (1933).

Section 6324(a) (2), in its pertinent parts, provides that if an estate tax is not paid when due then the "surviving tenant * * * who receives * * * property included in the gross estate * * *, to the extent of the value, at the time of the decedent's death, of such property, shall be personally liable for such tax."

The pertinent provisions of § 6901 read as follows:

§ 6901. Transferred assets

(a) Method of collection.—The amounts of the following liabilities shall, except as hereinafter in this section provided, be assessed, paid, and collected in the same manner and subject to the same provisions and limitations as in the case of the taxes with respect to which the liabilities were incurred:

(1) Income, estate, and gift taxes.—

(A) Transferees.—The liability, at law or in equity, of a transferee of property—

*　*　*　*　*　*

(ii) of a decedent in the case of a tax imposed by chapter 11 (relating to estate taxes) * * *

*　*　*　*　*　*

(c) Period of limitations.—The period of limitations for assessment of any such liability of a transferee or a fiduciary shall be as follows:

(1) Initial transferee.—In the case of the liability of an initial transferee, within 1 year after the expiration of the period of limitation for assessment against the transferor;

*　*　*　*　*　*

(h) Definition of the transferee.–As used in this section, the term "transferee" includes * * * any person who, under section 6324(a) (2), is personally liable for any part of such tax.

As indicated, it is the position of Russell that the Government cannot maintain the present action against her because the Government did not comply with the procedural requirements of § 6901. Specifically, it is asserted that inasmuch as the Government did not make an assessment of her liability as a transferee as required by § 6901(a), with the Government now being barred from making any such assessment by the limitations provision of § 6901(c), the Government is accordingly precluded from

bringing the present action. The Government, in turn, contends that it is entitled to assert a claim under § 6324(a) (2) against the surviving joint tenant without prior assessment under § 6901, inasmuch as § 6901 only provides alternative and nonmandatory procedures for collecting taxes owed. In thus arguing, the Government relies chiefly on Leighton v. United States, *supra*. Before referring to *Leighton,* brief mention should be made of two earlier cases relied on by the United States Supreme Court in *Leighton* which shed light on the meaning of the statutory predecessor to § 6901, namely § 280 of the Revenue Act of 1926.

In United States v. Updike, 281 U.S. 489, 50 S.Ct. 367, 74 L.Ed. 984 (1930), the aforesaid § 280 was referred to as one prescribing "a mode of procedure" against a transferee of the property of a taxpayer. In Phillips v. Commissioner, 283 U.S. 589, 51 S.Ct. 608, 75 L.Ed. 1289 (1931), it was stated that under § 280 the liability of the transferee, at law or in equity, could be enforced summarily in the same manner as that of a delinquent taxpayer, as well as by proceedings to enforce the tax lien or by actions at law or in equity.

In *Leighton,* the United States sought to maintain a suit in equity against the stockholders of a corporation to require them to account for distributed corporate assets to the end that such assets would then be applied to taxes due from the corporation to the Government. Citing *Phillips* and *Updike* as supporting the proposition that prior to The Revenue Act of 1926 the Government could recover in a suit in equity from the distributees of corporate assets without assessment against them, the Supreme Court observed that this right remained unless taken away by "specific words or clear intendment of the 1926 enactment." In *Leighton,* it was the position of the transferee stockholders that § 280 of The Revenue Act of 1926 provided the *sole* remedy for any proceeding against them and that the Government was barred from maintaining a suit in equity to compel the distributees of corporate assets to account for corporate property in order that it could be applied towards payment of taxes due by the company because of its failure to make timely assessment against said distributees. Without extended comment, and recognizing that the "meaning of the statute is not free from uncertainty," the Supreme Court nonetheless rejected this argument with the terse comment that even though there was no assessment, the "suit was properly brought."

Our attention has not been directed to any reported case concerned with the applicability, if any, of the assessment provisions of § 6901 to an action in law to collect on the statutory liability of a surviving tenant created by § 6324(a) (2). However, the right of the Government to maintain an action in law against a fiduciary without complying with the procedures set out in § 6901 has been considered by the courts, and such cases are helpful in resolving the present controversy. In this regard it should be noted that the collection procedures provided by § 6901 are specifically made available for enforcement of the liability of a fiduciary under 31 U.S.C. §§ 191 and 192, just as they are for the liability of a surviving tenant under § 6324(a) (2). In other words, the liability of both the fiduciary and the surviving tenant is a legal one created by statute and each is also included within the provisions of § 6901. The following cases support the proposition that the collection procedures of § 6901 are cumulative and alternative—not exclusive or mandatory—and that the Government may maintain an action in law against a fiduciary without following the collection procedures provided in § 6901: United States v. Motsinger, 123 F.2d 585 (4th Cir. 1941); United States v. First Huntington Nat. Bank, 34 F.Supp. 578 (S.D.W.Va.1940), affirmed per curiam, 117 F.2d 376 (4th Cir. 1941); United States v. Munroe, 65 F.Supp. 213 W.D.Pa.1946; and United States v. 58th Street Plaza Theatre, Inc., 287 F.Supp. 475 (S.D.N.Y.1968).

Counsel would escape the rule of *Leighton* on several grounds. First, it is pointed out that *Leighton* involved a suit in equity, whereas the instant proceeding is one in law, not equity. We do not deem this distinction to be a significant one. Secondly, it is urged that the language used in § 6901, as well as the legislative history of § 6901, clearly indicates that the collection provisions of § 6901 were intended to be exclusive and mandatory. In this regard, it is argued that the Supreme Court in *Leighton* was not fully apprised by counsel in that case as to the legislative history of § 6901 and that had that court been more fully informed it would have ruled differently. Such argument should be made to the Supreme Court, and not us. We are not at liberty to go behind the *Leighton* rule.

For these reasons we conclude that the trial court erred in granting Russell's motion for summary judgment. Accordingly, the judgment dismissing the Government's action is reversed and the matter is remanded for further proceedings consonant with the views herein expressed.