UNITED STATES of America, Appellee,

v.

Harriett C. RUSSELL, Executrix of the
Estate of T. C. Russell,
Deceased, Appellant.

No. 75–1388.

United States Court of Appeals,
Tenth Circuit.

Argued Feb. 25, 1976.

Decided March 29, 1976.

Daniel F. Ross, Atty., Tax Div., Dept. of Justice, Washington, D. C. (Scott P. Crampton, Asst. Atty. Gen., Gilbert E. Andrews, Jonathan S. Cohen, Attys., Tax Div., Dept. of Justice, Washington, D. C., E. Edward Johnson, U. S. Atty., and James A. Pusateri, Asst. U. S. Atty., Kansas City, Kan., on the brief), for appellee.

Joseph H. McDowell, Kansas City, Kan. (on the brief), for appellant.

Before SETH, BARRETT and DOYLE, Circuit Judges.

BARRETT, Circuit Judge.

This tax case is before us for the second time.[1] The United States brought this suit in debt against Harriett Russell (Russell) as the surviving widow of T. C. Russell seeking payment of federal estate taxes of $116,165 which had been previously assessed against the estate of T. C. Russell.

Our prior opinion summarized the relevant facts:

At the date of his death, T. C. Russell and his wife, Harriett, owned in joint tenancy property of a value of approximately $900,000. By reason of the joint tenancy this property did not pass through T. C. Russell's probate estate and accordingly was not available to his personal representative for payment of federal estate taxes, though it was included in the federal estate tax return.

Following proceedings in the Tax Court, the federal estate tax liability was ultimately determined to be $151,165, after which the estate paid the sum of $35,-000, leaving a balance due and owing of $116,165. . . . it was agreed that though there had been an assessment against the estate of T. C. Russell, no assessment was ever made against Harriett Russell.

---

1. The first case was *United States v. Russell*, 461 F.2d 605 (10th Cir. 1972), cert. denied, 409 U.S. 1012, 93 S.Ct. 438, 34 L.Ed.2d 306 (1972).

461 F.2d at p. 605–606.

Following entry of an amended pre-trial order in the first proceeding, both parties moved for summary judgment. The Trial Court granted Russell's motion. It entered an order dismissing the action, citing to the failure of the United States to make a timely assessment against Russell in accordance with 26 U.S.C.A. § 6901. On appeal we reversed and remanded, holding that the collection procedures contained in § 6901 are not exclusive and mandatory but are cumulative and alternative to the other methods of tax collection.

Upon remand, the Trial Court held, inter alia, that the order could be amended after remand to prevent "manifest injustice"; that 26 U.S.C.A. § 6502, which requires that an action be commenced within six (6) years, is the applicable statute of limitation; that the action to collect from Russell did not become "unenforceable by lapse of time" since it was timely filed under § 6502; that 26 U.S.C.A. § 6321 establishes a general tax lien on all property of any person who is "liable to pay any tax"; that since suit was timely filed the United States may utilize § 6321 to collect unpaid estate taxes; and that [Under § 6321, the general tax debt may be applied to the assets, including property acquired by right of survivorship, of a surviving tenant who is liable under § 6324(a)(2)]".

The Trial Court entered an order directing Russell to pay $116,165 in unpaid estate taxes, together with interest. Russell moved for reconsideration and clarification of the order. Upon denial of this motion, Russell appealed.

■ The sole issue presented for our review is under what circumstances, if any, a § 6321 lien may arise when an assessment has not been made as required by 26 U.S.C.A. § 6322.

Section 6321 provides:

If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount . . . shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

Section 6322 provides:

Unless another date is specifically fixed by law, the lien imposed by section 6321 shall arise at the time the assessment is made and shall continue until the liability for the amount so assessed . . . is satisfied . . . .

Russell's contention is that since *she* was not assessed, a § 6321 lien could never "arise" against her. The net effect of the Trial Court's holding is that since the *estate was assessed* within the time limitations of § 6502, the United States could utilize § 6321 to collect the unpaid estate taxes from the surviving tenant (Russell), who is liable under § 6324(a)(2). Considering the particular, limited facts of this case, we hold that the Trial Court did not err.

Russell, as the surviving spouse, became the surviving tenant of jointly held property upon her husband's death. As executrix of her deceased husband's estate, Russell was obligated to report to the United States the gross estate property and its value for federal estate taxation purposes, which report includes jointly held property. The assessment computation of the T. C. Russell estate for federal estate taxes included the jointly held property, even though it did not pass by reason of his Last Will through his probate proceedings and was not, accordingly, available for payment of the federal estate taxes assessed to the estate proper.

We hold that under these facts the Court did not err in finding that there need not be a separate assessment against Russell. The Government's suit is, in reality, no more than a simple action in debt. As executrix, Russell was fully aware of the nature of the jointly held property subject to report in her late husband's federal estate tax return, together with its value, and the estimated estate taxes due by reason of inclusion of the jointly held property. Russell was also aware that after making the $35,000 payment as executrix that the estate was insolvent, and that only the jointly held property remained available for payment of the balance of federal estate tax. We cannot

encourage or condone the tax free passing of jointly held property for the benefit of a surviving tenant who has received the whole of the property fully aware of the outstanding tax debt due and owing on the property, under the totality of the circumstances existing here.

 The Government need not be precluded from recovery simply because it failed to make a timely administrative assessment against Russell in her *individual* capacity. It is uncontested that the T. C. Russell estate was properly assessed and that a federal tax lien arose at that time for the federal estate taxes due. *See United States v. Fidelity Philadelphia Trust Co.*, 459 F.2d 771 (3rd Cir. 1972). *See also United States v. Ed Lusk Construction Company, Inc.*, 504 F.2d 328 (10th Cir. 1974). Once a proper assessment has been made, transferee provisions, such as § 6324(a)(2), *supra*, do not impose any new obligations on the transferee of the property. Rather, they do nothing more than facilitate collection from the transferee of an existing liability. *Cf. United States v. 58th Street Plaza Theatre, Inc.*, 287 F.Supp. 475 (S.D.N.Y.1968).

In *United States v. 58th Street Plaza Theatre, Inc., supra*, the court noted:

> The Internal Revenue Code, Section 6901, contains an operational procedure available to the United States for assessing transferee liability and enforcing collection thereafter. As stated in Mertens, Federal Income Taxation, § 53.05:
>
> "The transferee provisions do not impose any new obligations upon the transferee of property of a taxpayer; they merely permit collection from him by a summary procedure of his existing liability in law or equity. In other words, it is the liability of the taxpayer-transferor that could have been enforced by appropriate remedy in the Federal courts which is enforced under the transferee provision . . ."

Assessments were made against Plaza, the taxpayer, and, thus, though no assessments were then made against the transferee-stockholders, the government may, nevertheless, proceed judicially against Plaza's transferees without first assessing transferee liability. *Leighton v. United States*, 289 U.S. 506, 53 S.Ct. 719, 77 L.Ed. 1350 (1933); *Payne v. United States*, 247 F.2d 481 (8th Cir. 1957), cert. denied, 355 U.S. 923, 78 S.Ct. 367, 2 L.Ed.2d 354 (1958).

287 F.Supp. at 496.

We hold that under the particular facts and circumstances of this case that a § 6321 debt did arise although a § 6322 assessment was not made individually against Russell. We deem it advisable to caution the Government that our affirmance in this instance should not be relied upon for a like result in the event of failure by the proper officials to effect the assessment lacking here.

WE AFFIRM.