**UNITED STATES of America,**
**Plaintiff,**

v.

**Burton N. PUGACH et al., Defendants.**

**No. 69 Civ. 4674.**

United States District Court,
S. D. New York,

Oct. 30, 1974.

Paul J. Curran, U. S. Atty. by Joseph P. Marro, Sp. Asst. U. S. Atty., New York City, of counsel, for plaintiff.

Burton N. Pugach, pro se.

Lucien Nemser, New York City, for Florence Brandenburg, and others.

Sahn, Shapiro & Epstein, New York City, for Francine Conrad.

## MEMORANDUM AND ORDER

WHITMAN KNAPP, District Judge.

This motion for summary judgment by defendant, pursuant to Rule 56(b) of the Federal Rules of Civil Procedure, raises the question of whether assessments for federal income tax deficiencies for the years 1958 and 1959 made against the defendant while an adjudged incompetent, are null and void by reason of lack of service upon the defendant's judicially appointed Committee.

In October, 1959, defendant Burton N. Pugach ("Pugach") was arrested and charged with burglary and maiming. In July of 1961, Pugach was tried, convicted, and sentenced to a prison term of thirty years. On April 26, 1962, Matthew H. Brandenburg was appointed Trustee of the real and personal property of Pugach, pursuant to Article 14 of the New York Correction Law, McKinney's Consol.Laws, c. 43. Subsequently, Pugach was transferred from Clinton Prison to Dannemora State Hospital, Dannemora, New York, a mental institution. On February 28, 1963, Pugach was adjudicated an incompetent by order of the Supreme Court of the State of New York, County of Westchester, and the defendants Paul B. Pugach (Pugach's father) and Matthew H. Brandenburg were appointed the Committee ("Committee") of his person and property. New York Mental Hygiene Law §§ 100, 101 (McKinney's Consol.Laws, c. 27 1965). No notice was ever given by the Committee of its appointment to the Internal Revenue Service ("IRS").

On June 27, 1963, Notice of Deficiency (Form L-21) for its 1958 and 1959 taxable years was mailed to Pugach, in care of his father, Mr. Paul Pugach. A duplicate was also mailed to Pugach in care of the Warden, Dannemora State Hospital, Dannemora, New York. Subsequently, on October 25, 1963, assessments for unpaid taxes including penal-

ties and interest, as well as notice and demand for payment of these assessments, were made against Pugach by a duly authorized delegate of the Secretary of the Treasury. Pugach has so far failed to satsify these assessments.

Defendant Matthew H. Brandenburg died on July 8, 1968, and his wife, defendant Florence Brandenburg, was appointed Administratrix of his estate. Defendant Paul B. Pugach died on May 7, 1970, leaving no members on the Committee for Pugach; since then, no substitute Committee has ever been appointed.

On March 21, 1974, Pugach was released on parole and on July 16, 1974, the Supreme Court of the State of New York declared him to be competent and able to conduct his own affairs.

Pugach, in moving for summary judgment, asserts that the assessments made against him for federal income tax deficiencies are null and void because the District Director of the Internal Revenue Service failed to serve Pugach's Committee, as required by Rule 4(d) of the Federal Rules of Civil Procedure and § 309(b) of the New York Civil Practice Law and Rules. He argues further that the government, by merely mailing copies of the Notice of Deficiency to him at his Dannemora address and at his father's address, failed to comply with the notice requirements of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

The government counters with the argument that the method of service employed by it was in accord with 26 U.S. C. §§ 6212 and 6903, which statutory provisions supercede the requirements set forth in Fed.R. of Civ.Proc. 4(d) and CPLR § 309(b) and satisfy the requirements of due process.

Under Title 26 U.S.C. § 6903 and accompanying Regulations, every person who is acting for another person in a fiduciary capacity is required to give notice thereof to the District Director of the Internal Revenue Service. The Regulations promulgated by the IRS require

such notice to be in writing. 26 C.F.R. § 301.6903–1(a). When such notice is given, the fiduciary assumes the powers, rights, duties and privileges of the taxpayer with respect to the taxes imposed by the Internal Revenue Code. See 26 C.F.R. § 301.6903–1. However, 26 C.F. R. § 301.6903–1(c) provides that if the notice of the fiduciary capacity referred to above is not filed with the District Director before the sending of a Notice of Deficiency, it is sufficient compliance with the requirements of the Internal Revenue Code to send the notice to the "last known address" of the taxpayer, even though the taxpayer is under a legal disability. Title 26 U.S.C. § 6212 confirms that, in the absence of notice to the IRS under § 6903 of the existence of a fiduciary relationship, notice by mail to the taxpayer, even if under a legal disability, at his last known address is sufficient for purposes of the Internal Revenue Code.

■ There is no doubt but that the Committee appointed to represent Pugach stood in a fiduciary relationship to its ward. While the Internal Revenue Code (26 U.S.C. § 7701) defines "fiduciary" as ". . . a guardian, trustee, executor, administrator, receiver, conservator, or any person acting in any fiduciary capacity for any person", New York law is more specific. The New York Estates, Powers and Trusts Law, McKinney's Consol.Laws, c. 17–b, § 1–2.7, defines "fiduciary" as, inter alia, "a committee", and the official Comments to that section state that

". . . whenever the term ["fiduciary"] is encountered in the law, it should be understood as referring to and including any person who . . . has been charged with the responsibility of overseeing the needs of infants, incompetents and the like . . . ."

■ In the instant case, Pugach and the Government agree that neither member of the Committee for Pugach ever furnished the District Director with the statutorily required notice of the exis-

tence of a fiduciary relationship. Consequently, pursuant to the applicable provisions of the Internal Revenue Code and accompanying Regulations, the appropriate address to which any notice by the District Director should be made was the last known address of Pugach. Thus, in accordance with Pugach's specific request that all correspondence from the Internal Revenue Service be mailed to him at his father's address,[1] the Notices of Deficiency were mailed to Pugach at his last known address.

■ The purpose of the Notice of Deficiency is, as its name implies, to give the taxpayer notice of the government's claim against him or her. By using the phrase "last known address", Congress presumably intended that notice be sent to that address where the Secretary reasonably believed the taxpayer wished notice to be sent. Since Pugach expressly provided that any communications from the Internal Revenue Service be sent to him in care of his father at his father's address, he cannot now complain that the address for which he expressly provided is not in fact his last known address. The legislative history of § 6212(b)(1) in § 281(d) of the Revenue Act of 1926 and § 272(k) of the Revenue Act of 1928 indicates that the section was enacted to protect the Commissioner from a taxpayer's changing fiduciaries without notifying the Internal Revenue Service, S.Rep.No. 52, 69th Cong. 1st Sess. (1926), 1939–1 Cum.Bull. (part 2) 332, 355; H.R.Rep. No. 356, 69th Cong. 1st Sess. (1926), 1939 Cum.Bull. (part 2) 361, 372–373; and from a taxpayer's changing his address without notifying the Commissioner, H.R.Rep.No.2, 70th Cong. 1st Sess. (1927), 1939–1 Cum.Bull. (part 2) 384, 399; S.Rep. No. 960, 70th Cong., 1st Sess., 1939–1 Cum.Bull. (part 2) 409, 430. When a taxpayer receives notice in accordance with these provisions, and he has his day in court, of which Pugach presently avails himself, he cannot successfully claim that such notice deprives him of his Fourteenth Amendment rights.

Presumably, the policy behind § 6903 and § 6212 is that a fiduciary has the responsibility of assuming the rights, powers, privileges, and duties of the taxpayer. As such, in order effectively to assert these rights, he must inform the District Director of his capacity and function. Without informing the District Director, if the law were otherwise, the fiduciary would be in a position to reap the benefits of his capacity (using the provision as a sword) while not incurring its responsibilities.

■ In sum, the government, in mailing deficiency notices to Pugach at his last known address, adequately complied with the provisions of the Internal Revenue Code to legally effect valid notice to Pugach. The government was not obligated, as Pugach now claims it was, to investigate any further into his whereabouts or status. Williams v. United States (6th Cir. 1959) 264 F.2d 227. That which it was required to do, it did; namely, mail the Notice of Deficiency to the taxpayer's last known address. In the *Williams* case, the administrator of the defendant taxpayer's estate contended that the tax assessment levied against the taxpayer was void because the statutory notice was not sent to his last known address. Prior to his death, the taxpayer had filed with the District Director a power of attorney wherein he authorized and requested that all correspondence be mailed to his attorney. The taxpayer died shortly thereafter. Prior to the appointment of a personal representative to administer the estate of the decedent and before any notice of fiduciary relationship was filed pursuant to 26 U.S.C. § 6903, the IRS sent the challenged Notice of Deficiency to the taxpayer at the attorney's address. The attorney returned the Notice, advising the IRS that his power of attorney had been revoked by the death of the taxpayer. The Court held that the revocation of the power of attorney "did not

---

1. This request antedated Pugach's adjudication as an incompetent.

erase the taxpayer's request that 'all communications and other matters be mailed' to the taxpayer at the attorney's address." *Williams, supra,* 264 F.2d at 228. Nor did it agree that the IRS had a duty to investigate further for the purpose of ascertaining a more appropriate address. *Id.,* at 229. Similarly in the case at bar, we find that there was a minimum compliance by the IRS with the mailing procedure authorized by statute and that the government was not bound to do anything more than it did.

 Turning now to Pugach's due process argument, we begin our inquiry by noting the presumption of constitutionality with which all statutes are clothed, especially tax statutes. United States v. Jacobs (1939) 306 U.S. 363, 370, 59 S.Ct. 551, 83 L.Ed. 763. He has cited no cases in support of his contention that the notice provisions contained in 26 U.S.C. §§ 6212 and 6903 violate the Due Process Clause, nor has our research revealed any. Moreover, the strength of his arguments is vitiated by the uncontroverted fact that a member of his Committee—his father—did receive a copy of the Notice of Deficiency. Although the envelope in which such Notice was mailed was addressed to the defendant "in care of" his father, it should have been obvious to Mr. Pugach, Sr. that it contained a business communication, and as a member of his son's Committee, he had a duty to open it and respond accordingly. His failure to do so cannot now be relied upon by the defendant as proof that his Committee was not notified.

In light of the foregoing, Pugach's motion for summary judgment must be denied.

Florence Brandenburg, as Administratrix of the Estate of Matthew H. Brandenburg, has moved to dismiss the complaint as to Matthew Brandenburg on the grounds that Mr. Brandenburg, as Trustee of the property of Pugach and as a member of Pugach's Committee, has judicially accounted in New York Supreme Court and turned over to the New York City Director of Finance any and all money found to be due and owing. At oral argument, the government consented to dropping its claim against this defendant, should she produce to the court a receipt from the City of New York. The court accordingly shall dismiss the complaint as to this defendant if she, within thirty (30) days of entry of this order, produces documentary evidence substantiating her claim of payment.

So ordered.