**Marjorie J. GUNTHER and the Estate of Arthur N. Gunther, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. G81–40 CA.**

United States District Court,
W.D. Michigan, S.D.

Aug. 18, 1982.

Kenneth B. Breese, Cunningham, Mulder & Breese, Holland, Mich., for plaintiffs.

Robert C. Greene, U.S. Atty., Grand Rapids, Mich., Allen R. Mass, Trial Atty., Tax Div., Dept. of Justice, Washington, D.C., for defendant.

## OPINION ON PARTIES' MOTIONS FOR SUMMARY JUDGMENT

MILES, Chief Judge.

Plaintiffs, Marjorie J. Gunther and the estate of her deceased husband, Arthur N. Gunther, bring this action pursuant to 28 U.S.C. § 1340 and 28 U.S.C. § 1346 for a recovery of income and estate taxes and interest, assessed and paid. Both parties agree that there is no genuine issue as to any material fact and have moved for summary judgment pursuant to Rule 56.

Arthur N. Gunther was a corporate officer, shareholder and employee of Baby Bliss, Inc. and participated in the company's qualified profit sharing plan. The profit sharing plan was terminated with approval of the Internal Revenue Service (IRS) and Arthur Gunther received his distributive share of $99,910.66 on May 25, 1977.

On July 5, 1977, Arthur Gunther died. First Michigan Bank & Trust Company of Zeeland (First Michigan), as personal representative of the Estate of Arthur Gunther, sought to establish a "rollover" individual retirement account (IRA) pursuant to 26 U.S.C. § 402. The purpose of this rollover IRA was to preserve the tax-deferred status of the profit sharing plan assets previously distributed to Arthur Gunther.

The amounts received from the profit sharing plan and placed into the IRA were not included in the joint income tax return for 1977. This amount also was excluded from the decedent's estate tax return. The IRS assessed a deficiency in the personal income taxes of $47,179.60 plus interest of $7,792.38. Plaintiff Marjorie Gunther paid the taxes and interest due. The IRS also assessed a deficiency in the federal estate taxes of $15,386.24 plus interest of $2,566.66 which also was paid. Plaintiffs

have exhausted their administrative remedies and are now seeking recovery of the total of $72,924.88 paid to the IRS.

Section 402(a)(5) of the Internal Revenue Code provides that distributions from a qualified trust to the employee are exempt from tax, if certain conditions are met and the employee rolls the distributions over into an IRA or other eligible retirement plan. Such rollover must take place on or before the 60th day after the distributions are received. Thus Arthur Gunther, receiving his distributive share on May 25, 1977, had until about July 24 to rollover his share into an IRA or some other eligible retirement plan. However, he died on July 5 without having effected such a rollover. On July 15, within the 60-day limit, First Michigan, as personal representative of the estate opened an IRA and deposited the monies received from the profit sharing plan.

■ The IRS refused to recognize this transaction as a valid rollover pursuant to Section 402(a)(5), claiming that the right to rollover is personal to the employee and cannot be exercised by anyone else. The plaintiffs maintain, however, that since Section 6903(a) gives an executor the powers, rights, duties and privileges of the decedent, the executor has the authority to roll the distributive share over into an IRA just as the decedent could have done had he lived. 26 U.S.C. § 6903(a).

Section 7701(a)(6) defines a fiduciary as "a guardian, trustee, executor, administrator, receiver, conservator, or any person acting in any fiduciary capacity for any person" 26 U.S.C. § 7701(a).

Section 6903(a) gives the rights and obligations of a fiduciary;

> Upon notice to the Secretary or his delegate that any person is acting for another person in a fiduciary capacity, such fiduciary shall assume the powers, rights, duties, and privileges of such other person in respect of a tax imposed by this title (except as otherwise specifically provided and except that the tax shall be collected from the estate of such other person), until notice is given that the

fiduciary capacity has terminated. 26 U.S.C. § 6903(a).

Therefore the executor of Arthur Gunther's estate as a fiduciary, assumed the powers, rights, duties, and privileges with respect to taxes imposed under Title 26 on Arthur Gunther. *United States v. Pugach*, 388 F.Supp. 1091 (S.D.N.Y.1974); *United States v. Fisher*, 57 F.Supp. 410 (E.D.Mich.1944).

■ Since Gunther, if he had lived, would have had the right to complete the tax-free rollover of the distribution into an IRA, the executor of his estate, possessing the powers and privileges of the decedent, also had the right to effect such rollover.

If a person receives a qualifying rollover distribution prior to his death, he may within 60 days under Section 402(a)(5) roll this over into an IRA and thereby defer payment of taxes on said distribution. If the spouse of the employee receives the qualifying rollover distribution after the employee's death, the spouse may likewise defer taxes, under Section 402(a)(7) in its present form, by rolling such distribution over within 60 days into an IRA. What the government argues is that as in the instant case where the employee received the qualifying rollover distribution prior to death but then died before the end of the 60 day period, his estate may not accomplish or complete the rollover within the 60 day period. Therefore the tax deferment is lost.

Allowing an estate to complete the rollover corresponds with the congressional intent behind these provisions of allowing a tax deferment when the qualifying rollover distribution is promptly rolled over into an IRA. This court does not believe that it unreasonably strains the language of Section 402(a)(5) to hold that when an employee receives a qualifying rollover distribution but then dies before the end of the 60 day period without having completed a rollover into an IRA, his estate may, pursuant

to its authority under Section 6903(a) complete said rollover.[1]

An extensive review of the legislative history of 26 U.S.C. § 402(a)(5) yields nothing which would lead the court to a contrary conclusion. H.R.Rep. No. 533, 93d Cong., 1st Sess. (1973), [1974] U.S.Code Cong. & Admin.News 4639; H.R.Rep. No. 807, 93d Cong., 1st Sess. (1973), [1974] U.S. Code Cong. & Admin.News 4670; S.Rep. No. 127, 93d Cong., 1st Sess. (1973), [1974] U.S.Code Cong. & Admin.News 4838; S.Rep. No. 383, 93d Cong., 1st Sess. (1973), [1974] U.S.Code Cong. & Admin.News 4890; H.R.Conf.R. No. 1280, 93d Cong., 1st Sess. (1973), [1974] U.S.Code Cong. & Admin.News 5038.

Therefore, plaintiffs' motion for summary judgment in the amount of $72,924.88, plus statutory interest, is hereby GRANTED. Defendant's motion is therefore DENIED.

---

1. Perhaps it would more closely correspond with congressional intent and the policies behind the authority granted to the executor of an estate if this court held that an executor may complete such a rollover only when the employee had intended to rollover the share he received but was unable to complete it prior to his death. Such a holding, however, would significantly complicate matters by forcing an executor, in each such case, to prove the intent of the decedent. This would undoubtedly lead to considerable confusion and seemingly arbitrary results. It is much more reasonable to simply hold that an executor may rollover the amount received by the decedent prior to his death as long as the rollover is accomplished within the 60 day period specified in Section 402(a)(5)(C).